UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDER K NAGPAL;<br>6384 Laguna Mirage Lane<br>Elk Grove, CA 95758<br><br>SWARN ARORA;<br>GURCHARAN SINGH ARORA;<br>JATIN ARORA;<br>NIKITA ARORA,<br>   G5 Ashtavinayak CHS, B-Wing<br>   Navghar Road, Bhayandar East<br>   Thane 401105, Maharashtra, India<br><br>             Plaintiff(s)<br><br>             v.<br><br>ANTONY J. BLINKEN, in his official<br>capacity, Secretary, U.S. Department of State;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br>MERRICK B. GARLAND, in his official<br>capacity, Attorney General, Office of Attorney<br>General, U.S. Department of Justice;<br>   950 Pennsylvania Avenue, NW<br>   Washington, DC 20530-0001<br>IAN G. BROWNLEE, in his official capacity,<br>Acting Assistant Secretary, Bureau of Consular<br>Affairs;<br>DAVID J. RANZ, in his official capacity,<br>Consul General, United States Consulate,<br>Mumbai, India;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br>CONN SCHRADER, in his official capacity,<br>Director, National Visa Center,<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520 | Civil Action No **1:21-cv-885**<br><br><br><br><br><br><br>**PLAINTIFFS' ORIGINAL<br>COMPLAINT<br>FOR WRIT IN THE NATURE OF<br>MANDAMUS AND VIOLATION<br>OF THE APA** |

1

Defendant(s).

_____

Hashim G. Jeelani, Attorney for Plaintiffs, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW CHANDER K NAGPAL, (hereinafter "NAGPAL" or collectively "Plaintiffs") SWARN ARORA, (hereinafter "SWARN" or collectively "Plaintiffs") GURCHARAN SINGH ARORA, (hereinafter GURCHARAN or collectively "Plaintiffs") JATIN ARORA, (hereinafter JATIN or collectively "Plaintiffs") NIKITA ARORA, (hereinafter NIKITA or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiffs' Immigrant Visa Applications (hereinafter "Applications") within a reasonable period of time. As a result of the Defendants' unreasonable delay, the Plaintiff family members have been forced to deal with unnecessary separation and significant financial and emotional hardship.  Further, Plaintiff NAGPAL is a disabled US Citizen and has waited 16 years for her opportunity to reunite with her brother and his family. Moreover, without the Defendants' action, Plaintiff JATIN, who is in the U.S. on an OPT F1 employment status, will have to default on nearly $700,000 of mortgage debt as his employment authorization will expire in July of this year; without Legal Permanent Resident status, he cannot continue to live, work or pay his debts in the U.S.

2. Plaintiffs' Applications have been pending in a period of processing for nearly one year without any action by the National Visa Center (NVC) and United States Consulate in Mumbai, India. Despite notifying the Plaintiffs that their application and documents have been finalized and approved since March of 2020, the NVC has failed to forward the matter over to the Consulate for the scheduling of an interview and issuance of an immigrant visa. The NVC and Consulate cannot reasonably continue to use COVID-19 as a defense to their failure to forward and adjudicate Plaintiffs' Applications as the NVC is processing cases currently that have been filed as recently as March 2021.

3. Plaintiffs have a clear right to adjudication of the Applications in a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Applications.

**PARTIES**

5. Plaintiff NAGPAL, is a resident of Sacramento County, California, and a U.S. Citizen. She is the Petitioner of an approved I-130 relative petition allowing for an immigrant visa to be issued for SWARN, her sibling, and the remaining Plaintiffs as derivative family members.

6. Plaintiff SWARN, is a resident of India, and the beneficiary of Plaintiff NAGPAL's I-130 relative petition.

7. Plaintiff GURCHARAN, is resident of India, and a derivative beneficiary of the I-130 petition as the spouse of SWARN.

8. Plaintiff JATIN, is resident of India, and a derivative beneficiary of the I-130 petition as the son of SWARN.

9. Plaintiff NIKITA, is resident of India, and a derivative beneficiary of the I-130 petition as the daughter of SWARN.

10. Defendant ANTONY J. BLINKEN is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies   This action is filed against him in his official capacity.

11. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

12. Defendant IAN G. BROWNLEE is the Acting Secretary of State for Consular Affairs. He is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

13. Defendant DAVID J. RANZ is the Consul General of the United States Consulate in Mumbai, India. He is the principal officer in charge of the Consulate. This action is filed against him in his official capacity.

14. Defendant CONN SCHRADER is the Director of the National Visa Center (NVC). He is responsible for overseeing the collection of immigrant visa applications and supporting

Case 1:21-cv-00885-DLF   Document 1   Filed 04/01/21   Page 5 of 9

documents from applicants and for coordinating interviews with United States consulates and embassies abroad. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

15. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

16. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

17. The Plaintiffs have repeatedly requested the Defendants to take action on the Applications and schedule the same for an interview.  Further, Plaintiffs, through have initiated numerous inquiries with the NVC without any resolution. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied the NVC with documents that establish Plaintiffs' eligibility to receive an immigrant visa to come to the U.S. as a permanent resident.

18. There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

19. On August 13, 2010, Plaintiff SWARN became the beneficiary of an approved I-130 (Receipt# WAC-05-048-50574), Petition for Alien Relative filed by his sister, Plaintiff NAGPAL. The remaining Plaintiffs also acquired beneficiary rights based on their relationship to SWARN.  **[EXHIBIT A].**

5

20.     On April 30, 2020, Plaintiff SAJJAD was notified by the NVC that all required documents have been received and approved in his case [NVC CASE# BMB2010770021]. **[EXHIBIT B].**

21.     Since the April 30, 2020 confirmation from the NVC, neither the NVC nor the United States Consulate in Mumbai has made any further requests for information or evidence.

22.     Plaintiffs have paid all government fees charged by the Defendants to process their Applications.

23.     Since April 30, 2020, Plaintiffs have made numerous requests with the National Visa Center to have Plaintiffs Applications transferred to the United States Consulate in Mumbai, India.

24.     Plaintiffs' inquiries have resulted in continuous responses from the NVC stating that the Plaintiffs' Applications were undergoing processing, that no further information or documents are needed from the Plaintiffs, and that processing will take an unknown period of time.

25.     Plaintiffs' Applications now continue to be in a processing status with the NVC for nearly one year, and are likely to continue in this status for months or years without judicial action.

26.     The Department of State, the National Visa Center and the U.S. Consulate in Mumbai, India refuse to allege an average processing time for Immigrant Visa Applications.  Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over one year of processing time, when all the required information has been gathered and even approved.

27.     Plaintiffs have endured significant financial and emotional hardships as a result of the unreasonable period of time that the Applications have been in administrative processing.

28. Plaintiff NAGPAL, a disabled U.S. citizen, has been forced to live without her family for years while awaiting this process legally; Defendants are unnecessarily and unreasonably adding to this time period.

29. Plaintiff JATIN is also on the cusp of financial and career disaster due to Defendants' inaction as he is lawfully working in the U.S. and will have to default on nearly $700,000 of mortgage debt if his application is not acted on, as his employment authorization currently ends in July of 2021.

30. The remaining Plaintiffs have suffered emotional hardships as they have been separated from NAGPAL and JATIN for years due to the failure of the Defendants in acting on the Applications.

## VIOLATION OF THE APA- All Plaintiffs

31. All prior paragraphs are re-alleged as if fully stated herein.

32. Plaintiffs have a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153.

33. Defendants have a duty to adjudicate Plaintiffs' Applications within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

34. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiffs.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to schedule them for an interview and adjudicate the Application.

37. Given the Defendants' lack of a sufficient reason for not forwarding the Applications and scheduling the same for an interview for over one year, Plaintiffs' Applications have been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate the Applications in a reasonable time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' cases.

40. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiff NAGPAL's due process rights, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate the Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

41. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees; in effect, their entire lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to forward the Applications to the Consulate and schedule the same for an interview.

2. That the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: March 31, 2021                              Respectfully submitted,

    /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*